UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00023-LLK

LORI SMITH KARNES                                                                                              PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff's fact and law summary is at Docket # 19, and Defendant's fact and law summary is at Docket # 24. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 13.) The matter is ripe for determination.

Plaintiff alleges that she became disabled on January 1, 2015. [Administrative Record ("AR") at 12.] The Administrative Law Judge ("ALJ") issued a partially favorable decision finding that Plaintiff became disabled on July 26, 2017. [AR at 25.] Plaintiff argues that the ALJ erred in not finding an onset of disability date prior to July 26, 2017. Because Plaintiff's argument is persuasive and the ALJ's selected onset date was not supported by the facts and medical evidence, the Court will REMAND this matter to the Commissioner for a new decision.

**Discussion**

The ALJ found that Plaintiff became disabled on July 26, 2017,[1] her fifty-fifth birthday. [AR at 24.] The ALJ found that Plaintiff became disabled on this date based on a direct application of Rule 202.06 of

---

[1] Plaintiff states that she was born on July 27, 1962 and that "[t]he ALJ erroneously finds [her] date of birth to be July 26, 1962." (Docket # 19 at 1). Because the facts and medical evidence do not support an onset of disability date of either July 26 or July 27, 2017, the Court need not resolve the alleged error.

1

Appendix 2 of the regulations (the so-called grid, or medical-vocational guidelines). Rule 202.06 contemplates an individual having a maximum sustained work capability limited to light work, who is of advanced age (age 55 or older), is a high school graduate, and has skilled or semiskilled previous work experience. The Rule dictates an ultimate finding of "disabled." The ALJ rejected Plaintiff's alleged onset of disability date of January 1, 2015 because (as the ALJ repeatedly noted) Plaintiff worked part time as a server at Cracker Barrel and babysat her grandson after that date. [AR at 18-22.]

When (as here) an ALJ makes a finding of disability, the ALJ must determine when the claimant's disability began, and that determination must be supported by substantial evidence. *McClanahan v. Comm'r of Soc. Sec.*, 193 F. App'x 422, 425 (6th Cir. 2006). A "[c]onvincing rationale must be given for the date selected." Social Security Ruling (SSR) 83-20, 1983 WL 31249, at *3. The onset of disability date "must be fixed based on the facts and can never be inconsistent with the medical evidence of record." *Id.* "Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability." *Id.* at *2. "The medical evidence serves as the primary element in the onset determination." *Id.* Other relevant factors include the claimant's allegations and work history. *Id.*

When (as here) an ALJ selects an onset date based on the claimant's change in Appendix 2 age category, the ALJ should be careful not to apply the age category "mechanically." *Blackburn v. Comm'r*, No. 18-5123, 2018 WL 4378665, at *3 (6th Cir. 2018) (citing 20 C.F.R. § 404.1563(b)). An ALJ applies the age category mechanically when there is evidence that, in the few days to few months preceding the change in age category, the claimant suffered "additional vocational adversity," which the ALJ failed to consider. *Id.* (citing Soc. Sec. Admin., Hearings, Appeals, and Litigation Law Manual (HALLEX) § II-5-3-2)).

In this case, the medical evidence (relevant to Plaintiff's medical condition a few months preceding her fifty-fifth birthday on July 26, 2017) shows additional vocational adversity, which the ALJ appears not to have adequately taken into account. Specifically, on March 28, 2017, Theodore Davies,

2

M.D., performed a cervical discectomy with fusion and indicated that Plaintiff would be unable to work for a minimum of six to eight weeks following surgery. [AR at 751-53, 857]. At the July 12, 2017 administrative hearing, Plaintiff testified that she had not yet recovered from surgery sufficiently to return to work and, in fact, she was experiencing new and alarming symptoms such as loss of sensation and movement in her hands and fingers and pronounced turning in of her left foot when walking. [AR at 47, 56-57.] The Court finds no facts, medical evidence, or allegations supporting the ALJ's finding [AR at 18] that Plaintiff could perform light work after her neck surgery and prior to her fifty-fifth birthday.[2] Therefore, the ALJ's finding that Plaintiff became disabled on July 26, 2017 (as opposed to earlier) is not supported by substantial evidence.[3]

**Order**

Because the ALJ's finding that Plaintiff became disabled on July 26, 2017 (and not earlier) is not supported by substantial evidence and is not in accord with applicable legal standards, this matter is hereby REMANDED to the Commissioner for a new decision and any further proceedings deemed necessary and appropriate by the Commissioner.

February 1, 2019

Lanny King, Magistrate Judge
United States District Court

---

[2] If limited to sedentary work, Rule 201.14 directs an ultimate finding of "disabled."
[3] The Court does not reach the question of whether onset dates prior to the March 28, 2017 surgery are supported, e.g., when Plaintiff's condition had deteriorated to the point Dr. Davies or some other physician recommended surgery or when Plaintiff alleges she became disabled (on January 1, 2015). There is no legitimate reason why, upon remand, the ALJ should not reconsider this question.